IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| MICHAEL LEMON | § | Case Number:  7:18-cv-226 |
| *Plaintiff* | § | |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| CRAIN HOT OIL SERVICE, LLC | § | |
| and RICHARD ROBINSON | § | **Jury Trial Demanded** |
| *Defendants* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Michael Lemon, and files his Original Complaint against Defendants Crain Hot Oil Service, LLC and Richard Robinson (collectively "Defendants").  In support thereof, Plaintiff would respectfully show the Court as follows:

## I. PARTIES

1.1    Plaintiff, Michael Lemon, is domiciled in Columbus, Georgia and is therefore a citizen of Georgia.

2.2    Defendant, Crain Hot Oil Service, LLC ("Crain Hot Oil") is a Delaware limited liability company with its principal place of business located in Granbury, Texas. The citizenship of a limited liability company is determined by the citizenship of each of its members. According to documents filed with the Texas Secretary of the State, Crain Hot Oil's members consist of Pal Berg, Paul Lyons, and Joe Lechtanski. Pal Berg is a domiciled in Englewood, Colorado. Paul Lyons is domiciled in Gulf Stream, Florida. Joe Lechtanski is domiciled in Larkspur, Colorado. Crain Hot Oil may be served with

process by serving its Texas registered agent C T Corporation Systems, located at 1999 Bryan St., Ste. 900, Dallas, Texas, 75201.

2.3    Defendant, Richard Robinson, (Defendant "Robinson") is domiciled in Eunice, New Mexico. Defendant Robinson may be served for process at his residence located at 1510 9th Street, Eunice, New Mexico 88231.

### III.
### VENUE AND JURISDICTION

3.1    Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas. More specifically, the crash that makes the basis of this lawsuit occurred in Andrews County, Texas, which is located in the Midland Division of the Western District of Texas.

3.2    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

3.3    This Court has specific and general personal jurisdiction over the Defendants because they purposely availed themselves of the privilege of conducting activities within Texas; have substantial and continuous contacts with the State of Texas generally and with respect to this action, to satisfy both general and specific minimum contacts; and exercising jurisdiction over them does not offend the traditional notions of fair play and substantial justice. The fact that Crain Hot Oil maintains a principal office in Granbury, Texas and the fact that the crash occurred in Andrews County, Texas while performing work within Texas is evidence of the Defendants' availing themselves to the State of Texas as well as the substantial and continuous contacts within the State

of Texas. Additionally, Crain Hot Oil maintains offices in Midland and Big Lake, Texas. Moreover, the Defendants committed a tort, in whole or in part, within the State of Texas. These facts establish that Defendants are "at home" in Texas with full expectation that they could be sued in a Texas court.

## IV.
### BACKGROUND FACTS

4.1     According to the crash report, on August 1, 2018, at approximately 11:27 a.m., Plaintiff was parked, in his tractor-trailer, on the shoulder of the northside of State Highway 176. At the same time, Defendant Robinson was traveling North on FM1788 where State Highway 176 and FM 1788 intersect one another. Out of nowhere, Robinson disobeyed his traffic sign, failed to yield the right of way and entered the intersection. While doing so, Defendant Robinson struck a passenger truck that was traveling east on State Highway 176. The velocity of the impact was so severe that it sent the passenger truck across the westbound lane of State Highway 176, crashing into Plaintiff who was parked on the north side of the westbound lane of State Highway 176. As a result, Plaintiff was severely injured.

4.2     At all times leading up and during the crash, Defendant Robinson was in the course and scope of his employment with Crain Hot Oil. As such, Defendant Robinson was a permissive user of the truck he was operating at the time of the crash.

4.3     The investigating officer, Zachary Boerjan, issued Defendant Robinson a citation for failure to yield the right of way.

## CAUSES OF ACTION AGAINST DEFENDANTS
## CRAIN HOT OIL AND ROBINSON

### V.
### NEGLIGENCE AND VICARIOUS LIABILITY

5.1    Defendant Crain Hot Oil and Robinson committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the crash in question and Plaintiff's damages.

5.2    Defendant Crain Hot Oil and Robinson owed a duty to Plaintiff to exercise ordinary care. Defendant Crain Hot Oil and Robinson's acts or omissions of negligence include, without limitation, one or more of the following:

(a)    Operating a vehicle on a public roadway while failing to keep a proper lookout;

(b)    Failing to yield the right of way;

(c)    Failing to safely operate the subject vehicle;

(d)    Disobeying a posted traffic sign;

(f)    Crashing into the passenger vehicle; and

(e)    Failing to pay attention to attendant traffic and driving conditions.

5.3    Defendant Crain Hot Oil is liable for the conduct of Robinson under the doctrine of *respondeat superior*.  Defendant Robinson was employed by Defendant Crain Hot Oil as its authorized agent, servant, and/or employee on the date in question. Defendant Crain Hot Oil is vicariously liable for Robinson's negligence because Robinson was acting in furtherance of the business of Defendant Crain Hot Oil at the time of the collision and was in the course and scope of his employment or agency with Defendant Crain Hot Oil at the time of the collision.

## DAMAGES

### VI.
#### ACTUAL DAMAGES

6.1     As a result of the subject crash, Plaintiff has suffered in the past, and will likely suffer in the future, damages including physical pain and mental anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, and reasonable and necessary medical expenses.   Those damages were proximately caused by the negligence of the Defendants.

### VII.
#### JURY DEMAND

7.1     Plaintiff requests a trial by jury and tender the requisite fee.

### VIII.

### PRAYER FOR RELIEF

8.1     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recover judgment of and from Defendant for his actual damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself to be justly entitled, whether at law or in equity.

Respectfully submitted,

WATTS GUERRA, LLP
Four Dominion Drive
Bldg. 3, Suite 100
San Antonio, Texas 78257
Telephone:    (210) 447-0500
Facsimile:     (210) 447-0501


By:      /s/ Jorge L. Mares
Francisco Guerra IV
State Bar No. 00796684
fguerra@wattsguerra.com
Shalimar S. Wallis
State Bar No. 24033191
swallis@wattsguerra.com
Jorge L. Mares
State Bar No. 24087973
jmares@wattsguerra.com

**ATTORNEYS FOR PLAINTIFF**